DISTRICT OF OREGON       )
                         ) ss.    AFFIDAVIT OF NATHAN BRESEE
COUNTY OF MULTNOMAH      )

## Affidavit in Support of a Criminal Complaint

I, Nathan Bresee, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). I am a Special Agent with Homeland Security Investigations (HSI) and have been since December 2009. While employed with HSI, I have attended numerous training courses, including the Immigration and Customs Enforcement Special Agent Training course, Criminal Investigator Training Program, and specialized courses in narcotics trafficking investigations. I am currently assigned to the HSI Portland Narcotics and Bulk Cash Smuggling group in Portland, Oregon. I have 20 years of experience as a law enforcement officer. Prior to my employment with HSI, I was a Customs and Border Protection Officer (CBPO) assigned to the Contraband Enforcement Team. As a Special Agent, I have participated in numerous drug investigations as either the lead case agent or as a supporting investigative agent. I am familiar with narcotics traffickers' methods of operation, including the manufacture, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am familiar with how drug traffickers utilize counter-surveillance techniques to avoid detection by law enforcement. Additionally, I have also been involved in investigations involving wiretaps as part of the federal investigations into narcotics trafficking.

## Purpose of Affidavit

2. This affidavit is submitted to support a criminal complaint and arrest warrant for **JUAN MANUEL BERRELLEZA LEYVA**, Hispanic male, date of birth 06/xx/2001 (hereinafter, "**LEYVA**"), for:

   A. Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A);

   B. Possession with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); and,

   C. Engaging in a criminal conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

3. I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below; from oral and written reports of other law enforcement officers; and, from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other related investigations.

## Statement of Probable Cause

4. On the afternoon of January 21, 2024, HSI Portland received information from the Drug Enforcement Administration (DEA) that a beige 2016 Chevrolet Malibu, bearing temporary Washington license plate A6659072 (Subject Vehicle) was potentially going to arrive in the District of Oregon and was suspected to be transporting drugs along the I-5 corridor.

5. On the evening of January 21, 2024, members of the Westside Interagency Narcotics Taskforce (WIN) and the DEA established surveillance on the 1-5 corridor, between the cities of Salem, Oregon and Tualatin, Oregon to look for the Subject Vehicle.

6. Later that evening, investigators observed the Subject Vehicle traveling through the greater Salem, Oregon metro area and initiated surveillance of the vehicle. Investigators observed the Subject Vehicle commit several Oregon State traffic violations, to include traveling 70 miles per hour in a 55 mile per hour zone, and failure to use a signal while changing lanes, and failure to drive within its lane on two occasions.

7. After observing the aforementioned traffic violations, Washington County Sheriff's Office (WSCO) Deputy Aubrey DeZarn, using the emergency lights on his police vehicle, attempted to conduct a traffic stop of the Subject Vehicle in Wilsonville, Oregon. WSCO K-9 Deputy Michael Colburn and WSCO Deputy Josh Betonte attempted to assist Deputy DeZarn in stopping the Subject Vehicle by using their emergency police lights as well. The Subject Vehicle, however, failed to yield to law enforcement, eventually transitioning into the center lane, and continued on for approximately a quarter of a mile with the investigators following it. WSCO Deputy DeZarn moved from being behind the Subject Vehicle, to alongside of it. At the same time, WSCO Deputies Colburn and Betonte moved directly behind the Subject Vehicle and boxed it in. Together the investigators were then able to guide the Subject Vehicle

into the righthand lane, where it eventually came to a stop. WSCO Deputies then conducted a high-risk vehicle stop of the Subject Vehicle and detained **LEYVA**, who was the driver and sole occupant of the vehicle.

8. WSCO K-9 Deputy Colburn, utilizing K-9 "Mando," conducted a sweep of the Subject Vehicle. Mando is a 4-year-old German Shepherd/Belgian Malinois mix. In April 2023, Mando and Deputy Colburn became a certified narcotic detection team through the Oregon Police Canine Association. In February 2023, Mando and Deputy Colburn became a certified narcotic detection team through the California Narcotic Canine Association. Mando and Deputy Colburn have participated and completed a 264-hour narcotic detection school, and continually train a minimum of 16 hours a month. Mando is trained to locate and alert only upon detecting the odors of Cocaine, Methamphetamine, Heroin, and/or Fentanyl. Mando is a passive alert dog which means his final response is to down and stare as a passive alert but still will sometimes scratch at the source of odor. While inspecting the Subject Vehicle, Deputy Colburn, and K-9 "Mando" received a positive alert for the presence of narcotics within the trunk of the Subject Vehicle.

9. After receiving the positive K-9 alert, investigators searched the Subject Vehicle and seized large quantities of methamphetamine from a large duffle bag, a large suitcase, and a black trash bag, from the trunk. Additionally, investigators located and seized from the rear passenger seat of the Subject Vehicle, a plastic wrapped package that appeared to be approximately one kilogram of heroin that was concealed inside of a fast-food bag. Below are several pictures from the traffic stop:




10. WSCO Deputy Betonte advised **LEYVA** of his Constitutional Rights *Miranda*

Warning in the Spanish language and agreed to speak with investigators. During a post-arrest
**Affidavit of HSI Special Agent Nathan Bresee** Page 5

interview, **LEYVA** advised he is from Mexico and entered the U.S. approximately seven months ago, and has been living in the Portland, Oregon area since that time. **LEYVA** admitted he works for a Drug Trafficking Organization (DTO) and he is paid a monthly salary by the DTO. **LEYVA's** role in the DTO is to pick up drug shipments in other states and transport them to the Portland area, where he delivers them to other members of the DTO. **LEYVA** transports one or two drug shipments each month to Portland, Oregon. On or about January 19, 2023, **LEYVA** traveled from Portland, Oregon to a location California, where he picked up the narcotics, which investigators seized from the Subject Vehicle.

11. Investigators transported and processed the narcotics at the Washington County Sheriff's Office evidence room. Investigators field tested random samples from the large duffle bag, large suitcase, and black trash bag, which field tested positive for the properties of methamphetamine, a Schedule II controlled substance. The combined weight of the methamphetamine that was seized from the Subject Vehicle was determined to be approximately 93.73 kilograms or 206.64 pounds. Investigators field tested the suspected heroin found in the fast-food bag, which field tested for the properties of heroin, a Schedule I controlled substance. The heroin weighed one kilogram or 2.2 pounds. Below is a photograph of the combined seized narcotics and K-9 "Mando:"

///

///

///



## Conclusion

12. Based on the foregoing, I have probable cause to believe, and I do believe, that **JUAN MANUEL BERRELLEZA LEYVA** committed the crimes of:

> A. Possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A);

B. Possession with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A); and,

C. Engaging in a criminal conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

I therefore request that the Court issue a criminal complaint and arrest warrant for **JUAN MANUEL BERRELLEZA LEYVA**.

13. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney Scott Kerin. AUSA Kerin advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

///

///

///

## Request for Sealing

14. It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the information contained herein is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed R. Crim. P. 4.1*
NATHAN BRESEE
Special Agent, Homeland Security Investigations

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 5:26 p.m. on 22nd day of January 2024.

_____
HONORABLE STACIE F. BECKERMAN
UNITED STATES MAGISTRATE JUDGE